**SIMPSON MEMORIAL METHODIST CHURCH v. DISTRICT OF COLUMBIA.**

No. 11237.

United States Court of Appeals District of Columbia Circuit.

Argued May 12, 1952.

Decided June 26, 1952.

Henry F. Lerch and Wilton H. Wallace, Washington, D. C., for petitioner.

George C. Updegraff, Assistant Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and William S. Cheatham, Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Samuel Spencer, Washington, D. C., and Frank J. Whalen, Jr., Washington, D. C., filed a brief on behalf of Potomac School as *amicus curiæ*, urging reversal.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia in a real estate tax case. The petitioner is a religious corporation organized under the District of Columbia Code.[1] Prior to 1950 it had owned five lots. On the two southernmost lots its church building was located. On the northernmost lot its parsonage was located. Between the church and the parsonage were two vacant lots, known as Nos. 816 and 817, which the Church had owned for many years. In November, 1950, the Church sold the church building, with the lots on which it was located, and the two vacant lots. All this property had been exempt from District real estate taxes.

When the sale occurred the Assessor treated the vacant lots as "additional grounds" within the meaning of Section 1(r) (2) of an act of 1942.[2] He computed the profit on the sale of those two lots at the difference between the costs and the selling prices. He assessed taxes against the two lots by the ordinary valuation assessment methods for the fiscal years 1920 to 1951, and determined that these taxes totalled $1,268.92, which was less than 50 per cent of the computed profit on the sale.

The Church appealed from that assessment to the Board of Tax Appeals, claiming that the two vacant lots were not "additional grounds" within subparagraph (2) of the pertinent section of the statute but were "Grounds belonging to and reasonably required and actually used for the carrying on of the activities and purposes of" the Church within the meaning of subparagraph (1). The Board held that it was immaterial whether the property was classi-fied under subparagraph (1) or subparagraph (2), that, in either event, when the property was sold the taxes for years during which the property was exempt should be due and payable. The Church then petitioned this court for review.

The controversy revolves upon a section of an act of 1942,[3] which provided for the exemption from taxation of real property. That statute contained the following paragraph:

"(r) (1) Grounds belonging to and reasonably required and actually used for the carrying on of the activities and purposes of any institution or organization entitled to exemption under the provisions of sections 47–801a to 47–801f.

"(2) Additional grounds belonging to and forming a part of the property of such institutions or organizations as of July 1, 1942. Such exemption shall be granted only upon the filing of a written application to the Commissioners, supported by an affidavit that such additional grounds are not held for profit or sale but only for the enlargement and expansion of said institution or organization.

"If, however, at any future date the grounds so exempted, or any portion thereof, shall be sold and a profit shall result from such sale the taxes thereon for each year from the date of acquisition of such property for which no tax has been paid shall immediately become due and payable, without interest: *Provided, however,* That the total of such taxes shall not exceed 50 per centum of the net profit derived from such sale. * * *"

The question is whether the unnumbered subparagraph in the above quotation is a part of subparagraph (2) or relates to both subparagraph (2) and subparagraph (1). Assuming for the moment that there is ambiguity in the statute, we turn to the legislative history, and that quickly dissolves any possible ambiguity. It appears

1. D.C.Code, Tit. 29, c. 5 (1940).
2. 56 Stat. 1089, D.C.Code § 47–801a(r) (2) (1940) (Supp. VII).

3. Sec. 1 of Act of Dec. 24, 1942, 56 Stat. 1089, D.C.Code § 47–801a (1940) (Supp. VII).

that in 1941–42 the Commissioners of the District of Columbia caused a re-examination to be made of all property being exempted from taxation in the District. A bill was introduced in the Senate,[4] and one also in the House, dealing with the subject. The Senate bill provided, among other things, for the exemption of "The grounds actually occupied by such buildings, structures, cemeteries, churches, or residences, as well as the grounds appurtenant thereto, so far as absolutely required and actually used for the convenient enjoyment of any such building, structure, cemetery, church, or residence for its legitimate purposes; but if any portion of any such building, structure, cemetery, church, residence, or grounds so in terms exempted is larger than is absolutely required and actually used for its convenient enjoyment for its legitimate purposes and none other, or is used to secure a rent or income, or for any business purpose, such portion of the same shall be taxed." Extensive hearings were held, at which many witnesses appeared on behalf of various educational, charitable, scientific and religious organizations. A major topic of debate concerned property not presently in use but held for future expansion. After the hearings the bill was largely rewritten and was reintroduced.[5] The new bill contained paragraph (r) in the language in which it now appears in the Code. The report of the Senate Committee[6] makes it clear that the provision for the imposition of taxes on the sale of exempt property was intended to relate to "additional grounds" exempted under subparagraph (2) of paragraph (r). The Committee said that paragraph (r) "is divided into two parts." The "two" is important in the present connection. The Committee also said that the exemption of "additional grounds" was to provide for tracts of land greater than that required for immediate needs and representing an allowance for future enlargement and expansion. The provision for the imposition of taxes upon a sale was said by the Committee to relate to "such land which in

future years shall be deemed excessive by the owners thereof and shall be sold by them at a profit or gain." Moreover, the administrative construction of the statute since the passage of the act in 1942 has been in accordance with this view of its meaning. We are of opinion that paragraph (r) is in two parts and that the unnumbered subparagraph is part of subparagraph (2).

■ The Church also contends that the Assessor erred in computing the profit upon the basis of costs instead of on the basis of the fair market values of the lots on January 1, 1939. Its contention is based upon a provision of the income tax statute for the District of Columbia, which statute, as amended in 1947,[7] defines the "basis" for determining the gain or loss from the sale of property acquired before January 1, 1939, as the fair market value as of that date. We think that statutory provision is not relevant to the present problem. It is a definition of taxable income for income tax purposes. The statute with which we are now dealing relates to a direct property tax and uses as a maximum limitation a portion of the "profit", which may be either a capital profit or income in the income tax sense.

■ The assessment which was before the Board of Tax Appeals related to the two vacant lots only. The Board's view of the statute made unnecessary any consideration of the question presented by the Church as to the proper classification of the vacant lots as between grounds reasonably and actually used (i.e., subparagraph (1)) and "additional grounds" (i.e., subparagraph (2)). We think the statute requires that classification. There appears to be in the record ample evidence upon which findings of fact could be made and a conclusion on the point reached. It appears that the Church by its pastor in 1942 filed with the taxing authorities an affidavit claiming exemption of this land as desirable for possible expansion of the Church. On the other hand there is evi-

4. S. 2673, 77th Cong., 2d Sess.

5. S. 2804, 77th Cong., 2d Sess.

6. Sen.Rep.No.1634, 77th Cong., 2d Sess.
7. 61 Stat. 350, D.C.Code § 47–1583(c) (1940) (Supp. VII).

dence that at times the Church used the land. Sound procedure dictates that findings of fact be made initially by the Board. For that purpose the case will be remanded, and for purposes of the remand the decision must be vacated.